were found at the murder scene, to border on the absurd.

The gloves are also the focus of a separate charge of wrongdoing by the Commonwealth. Appellant characterizes the gloves as "newly discovered evidence" and makes the unsubstantiated claim that "although [he] has for years sought to provide definitive proof of the actual assailant's identity through latent fingerprint testing and/or DNA testing, the Commonwealth has avoided this specific scientific testing." Brief for Appellant at 14. Appellant implies that the Commonwealth has intentionally prevented him from disproving his guilt with respect to this evidence.[12] However, the record indicates that the gloves were present at the April 6, 1994, hearing, and, according to the assistant district attorney, had been made available for Appellant's inspection at all times prior to that hearing. (N.T. 4/6/97, 29–30). This statement was not challenged by Appellant.

In sum, we have carefully reviewed the record of the evidentiary hearing below and are unable to conclude that the trial court improperly characterized Appellant's motion as a request for PCRA relief. Further, the paucity of evidence presented by Appellant together with his failure to make an offer of proof for a continuance provides utterly no basis from which relief can be granted.

Order affirmed.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).

---

**In the Matter of Michael E. DAVIS, Petition for Reinstatement.**

**Nos. 396 and 795 Disciplinary Docket No. 2.**
**Nos. 56 DB 82, 78 DB 82, 25 DB 83, 74 DB 87 and 12 DB 88— Disciplinary Board.**

Supreme Court of Pennsylvania.

Jan. 31, 1996.

### *ORDER*

PER CURIAM:

AND NOW, this 31st day of January, 1996, upon consideration of the Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated December 11, 1995, the Petition for Reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement.

ZAPPALA, J., did not participate in this matter.

---

**In the Matter of Michael L. RUBERTON.**

**No. 163 Disciplinary Docket No. 3.**
**Board File No. C1–95–949.**

Supreme Court of Pennsylvania.

Feb. 5, 1996.

### *ORDER*

PER CURIAM:

AND NOW, this 5th day of February, 1996, Michael L. Ruberton having been sus-

---

12. Appellant makes several other bare allegations that the Commonwealth has either destroyed or withheld evidence. These charges do not rise to the level of a claim that can be properly evaluated in the course of our review.

pended from the practice of law in the State of New Jersey for a period of three months by Order of the Supreme Court of New Jersey dated July 12, 1995; the said Michael L. Ruberton having been directed on November 20, 1995, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and no response having been filed, it is

ORDERED that Michael L. Ruberton is suspended from the practice of law in this Commonwealth for a period of three months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.